[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17185
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 24, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A094-882-827,
A094-882-828

MARIO ERNESTO ALVARADO-MONTERROSA,
ROSA LISET ALVARADO DE ALVARADO,
ALEJANDRA LISET ALVARADO,
EMILIA GRACIELA ALVARADO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 24, 2009)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Mario Alvarado-Monterrosa and his family, Rosa Liset Alvarado De Alvarado, Alejandra Liset Alvarado, and Emilia Graciela Alvarado, all natives and citizens of El Salvador, appeal the order by the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ's") order of removal, denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). Alvarado-Monterrosa claimed that he witnessed and reported gang members committing crimes, and had been and would be persecuted by the gang members on account of his imputed political opinion and membership in a particular social group comprised of people who witness and report gang crimes. For the reasons set forth below, we deny the petition.

## I.

Alvarado-Monterrosa testified that, on October 15, 2005, the family home was robbed. The next day, he reported the robbery to the police. Then, on October 27, 2005, he witnessed gang members attempting to break into his neighbor's home. He called the police. Before the police arrived, however, the gang members fled. After the police left, the gang members returned. One of them told him that they would return for him and that he would be sorry. He reported this

2

threat to the police, and the police advised that he take it seriously. Thereafter, he would stand by his window and monitor the neighborhood from 1 a.m. to 4 p.m. each night. On four such occasions, he received telephone calls. Normally, the caller did not speak. During the last call, however, the caller stated, "[N]ow you're not alone." This scared him because it was true. Later, caretakers of a farm owned by his family conveyed to him that, on November 13, 2005, gang members had visited the farm looking for him and making threats against him. He did not report this event to the police because he was afraid that the gang members would harm the caretakers. Based on these events, he and his family fled El Salvador. His mother originally fled with him and his family. However, she decided to return to El Salvador. She currently lives in the home in which he and his family previously lived. She had since advised him that the area remained dangerous and that she did not leave home after 6 p.m. Indeed, after she returned, in February 2006, the home was robbed again and a car window was broken.

The IJ denied Alvarado-Monterrosa's application. The IJ reasoned that he failed to establish that he was persecuted on account of a protected ground. First, regarding his claims of persecution based on his political opinion, the record did not contain any evidence suggesting that the gang members targeted him because of his political opinion, imputed or otherwise. Specifically, it did not appear that the gang members had imputed a political opinion to him based on his reporting

3

their crimes, and reporting crimes did not otherwise constitute an expression of political opinion. Also, regarding his claims of persecution based on his membership in a particular social group, namely, witnesses of crimes by gang members, such witnesses did not constitute a particular social group because they could not be defined with the requisite particularity and did not possess immutable characteristics. Likewise, the threats by the gang members did not constitute persecution, but merely harassment, intimidation, and criminal activity. Furthermore, any fear from him and his family was not objectively reasonable, especially as his mother continued to reside in the home unharmed. Because he had not demonstrated asylum eligibility, he could not demonstrate withholding-of-removal eligibility. Also, because the record did not contain any evidence suggesting that the government acquiesced to the gang members' violence, he could not establish CAT-relief eligibility.

On appeal, the BIA dismissed Alvarado-Monterrosa's appeal and affirmed the IJ's decision, "for the reasons stated therein." The BIA specifically noted that the IJ correctly found that the harm suffered by him and his family did not rise to the level of persecution, he failed to demonstrate a nexus between this harm and a protected ground, and he failed to show that more likely than not he and his family would be tortured at the hand, or with the acquiescence, of the government.

## II.

When the BIA affirms the IJ's decision, but issues a separate opinion, we review the BIA's opinion "except to the extent that [the BIA] expressly adopts the IJ's opinion." Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004). Here, the BIA issued a separate opinion, but stated therein that it was adopting the IJ's reasoning and specified that the IJ conclusions regarding past persecution, nexus, and withholding of removal and CAT, were correct. Accordingly, we will review the IJ's opinion. See id.

In conducting this review, we review the IJ's legal determinations de novo and factual determinations under the substantial evidence test. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004); Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001). Under this test, which is "highly deferential," we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). In order to reverse a finding of fact, " we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien who arrives in or is present in the United States may apply for asylum, withholding of removal, and CAT relief. INA §§ 208, 241; 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). To qualify for asylum, the alien must prove

5

that he is a refugee. Al Najjar, 257 F.3d at 1284 (citing 8 U.S.C. § 1101(a)(42)(A)).

To establish refugee status, the alien must establish, through specific, detailed facts, (1) his past persecution on account of a protected ground, or (2) his "well-founded fear" that he will be persecuted in the future on account of a protected ground. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287. A well-founded fear of future persecution may be established by showing (1) past persecution that creates a rebuttable presumption of a well-founded fear of future persecution based on a protected ground, (2) a reasonable possibility of personal persecution based on a protected ground, or (3) a pattern or practice in the subject country of persecuting a group of similarly situated people, to which the petitioner belonged, on account of a protected ground. 8 C.F.R. § 208.13(b)(1), (b)(2)(i) and (iii). In establishing any of the above, the alien must demonstrate that his fear "is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. An alien's allegations of a future threat are less persuasive if the alien's family remains in his country without incident. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).

"Persecution" is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that [m]ere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th

6

Cir. 2005) (quotations omitted) (concluding that "menacing" telephone calls and threats to the alien and her brother did not constitute past persecution). Likewise, "evidence that either is consistent with acts of private violence . . . , or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." Ruiz, 440 F.3d at 1258.

To qualify for withholding of removal, the alien similarly must show that it is more likely than not that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Mendoza, 327 F.3d at 1287 (citing 8 U.S.C. § 1231(b)(3)(A)). Likewise, to qualify for CAT relief, the alien must prove that it is more likely than not that he would be tortured by, or with the consent or acquiescence of, a public official or person acting in an official capacity upon return to his country. See id. at 1303; 8 C.F.R. § 208.18(a). Because the more-likely-than-not standard that applies to withholding of removal and CAT claims is more stringent than the well-founded-fear standard that applies to asylum claims, ineligibility for asylum generally precludes withholding of removal and CAT relief eligibility. Al Najjar, 257 F.3d at 1292-93, 1303-04.

**III.**

As an initial matter, Alvarado-Monterrosa's appellate arguments that the BIA did not adequately consider the record as a whole or whether he was entitled to CAT relief are without merit, as the BIA expressly stated that it had considered the evidence <u>de novo</u> and specifically addressed the IJ's conclusion regarding CAT relief. Regarding the merits, substantial evidence supports the IJ's denial of asylum. <u>See id.</u> at 1283-84. As the IJ found, Alvarado-Monterrosa failed to establish that he suffered past persecution. <u>See</u> 8 C.F.R. § 208.13(a), (b); <u>Al Najjar</u>, 257 F.3d at 1287. The record demonstrates that gang members broke into and robbed his home, made "mara signs" at him and threatened to return and make him sorry, called him in the middle of the night and largely remained silent, passed along threats on his life through his caretakers, and broke into his home after he fled El Salvador. The record does not contain any evidence that gang members ever physically harmed or otherwise approached him or his family. Without such evidence, these events are the sort of harassment and intimidation that this Court has held do not constitute the extreme behavior that qualifies as persecution. <u>See Sepulveda</u>, 401 F.3d at 1231. Specifically, the calls, in which no threats were made, do not constitute persecution. <u>See id.</u> Also, the threats made to him and passed along through his caretakers are akin to threatening calls and thus do not constitute persecution. <u>See id.</u> Furthermore, the home break-ins appear to have

8

been mere criminal activity, especially as the record does not contain any evidence that the gang members who perpetrated the break-ins attempted to make contact with the inhabitants of the home, such that it appears they wanted only to steal certain items. See Ruiz, 440 F.3d at 1258.

As the IJ also found, Alvarado-Monterrosa failed to establish that he had a well-founded fear of future persecution. See 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287. Although he testified that he subjectively feared the possibility of being harmed, the record does not demonstrate that his fears were objectively reasonable. See 8 C.F.R § 208.13(b)(1), (b)(2)(i) and (iii); Al Najjar, 257 F.3d at 1289. His mother remains in El Salvador, living in the house that gang members robbed. See Ruiz, 440 F.3d at 1259. Also, although she reported that the area remained dangerous and gang members robbed the home again, the record does not contain any evidence that gang members continued to threaten or look for him.[1]

Substantial evidence also supports the IJ's denial of withholding of removal and CAT relief. See Al Najjar, 257 F.3d at 1283-84. As the IJ found, because Alvarado-Monterrosa did not satisfy his burden of proving asylum eligibility, he

---

[1] Alvarado-Monterrosa's failure to establish past persecution or a well-founded fear of future persecution is sufficient grounds on which to affirm the IJ's denial of relief and deny the petition. It is not necessary, therefore, for us to separately address the IJ's finding that he failed to establish the requisite nexus or his and the government's arguments on this matter.

necessarily cannot satisfy his burden of proving withholding-of-removal eligibility. See id. at 1292-93. Also as the IJ found, because the record does not contain any evidence suggesting that he or his family will be tortured at the hand, or with the acquiescence, of the government, he did not satisfy his burden of proving CAT-relief eligibility. See id. at 1303; 8 C.F.R. § 208.18(a). Accordingly, we deny the petition.

**PETITION DENIED.**